**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
:
:
:
CHINA TELECOM (AMERICAS)                :        CIVIL ACTION NO.
CORPORATION,                                          :
:
            Plaintiff,                                       :
:
      v.                                                           :        **COMPLAINT AND JURY DEMAND**
:
BROADBAND TELECOM, INC.                    :
:
            Defendant.                                     :
:
-------------------------------------------------------X

　　　　Plaintiff China Telecom (Americas) Corporation ("CTA") for its complaint against

Defendant Broadband Telecom, Inc. ("BTI") states as follows:

## NATURE OF THE ACTION

　　　　1.　　　　CTA and BTI are in the business of providing and reselling international voice

telecommunications transmission services.　On February 27, 2012, the parties entered into a

Reciprocal Voice Traffic Agreement ("RVT Agreement") pursuant to which each party agreed to

purchase and sell telecommunication services to the other party for its own use and for resale to

its customers.　Each party agreed to bill the other on a bi-weekly basis for the other's usage of its

transmission routes, with payment due fifteen (15) days after the invoice date.　The amount due

constituted a net of the two bills, plus certain other agreed upon adjustments.　This arrangement

provided each company the opportunity to send voice traffic for itself and its customers over the

telephonic transmission lines maintained or resold by the other.　The business relationship

proceeded without dispute from 2012 until late 2017, when BTI breached the RVT Agreement by

failing to pay CTA's November invoices totaling $1,430,383.14 (after netting out CTA's reverse

traffic as well as certain other adjustments not in dispute).  Despite CTA's diligent attempts to collect on this debt, BTI has paid only $90,000 of the outstanding amount.  CTA's inability to collect the remaining $1,340,383.14 has forced CTA to file this lawsuit.

## THE PARTIES

1.     Plaintiff CTA is a telecommunications company, incorporated in the State of Delaware, with its principal place of business in Virginia. CTA is the international subsidiary of China Telecom Corporation Limited, responsible for the Americas region.  China Telecom Corporation Limited is one of the largest broadband operators in the world.

2.     Defendant BTI is a wholesaler carrier of international voice traffic, incorporated in the State of California, with its principal place of business in New York.  BTI provided service to CTA's customers in countries such as the Philippines, Nigeria, Ghana, Pakistan, parts of Central America and the Caribbean.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because BTI is subject to personal jurisdiction in this district.

5.     The RVT Agreement provides that BTI consented to the jurisdiction and venue of this Court and waived any right to object to such jurisdiction and venue.

4831-5818-7116.3

## FACTS

### The RVT Agreement

6.      On February 27, 2012, CTA and BTI executed the RVT Agreement for purposes of purchasing from one another international voice telecommunications transmission services ("Services").  The RVT Agreement provides that it will be governed by and construed in accordance with New York law.

7.      Pursuant to the RVT Agreement, each party would prepare a biweekly invoice for the usage charges incurred by the other party on its network during the preceding fifteen (15) days. The parties agreed that the amounts due to each other for a particular period "will be netted out and payment only made on the imbalance amount."  RVT Agreement § 5.1.3.  For example, if CTA invoiced BTI for $100 and BTI invoiced CTA for $50 during the same period, $50 would be due from BTI to CTA and $0 from CTA to BTI.  Any late payment incurred interest charges at the lower of (a) one and a half percent (1.5%) per month, or (b) the highest rate permitted by applicable law. RVT Agreement § 5.2.

8.      The RVT Agreement allows either party to dispute an invoice in "good faith," provided it pays any undisputed amount and, within thirty (30) days of its receipt of the disputed invoice, submits "written documentation" substantiating the dispute.  RVT Agreement § 5.3.1.

9.      The RVT Agreement further provides that, in the event the parties are unable to resolve a payment dispute amicably, they agree to submit to the jurisdiction and venue of New York federal and state courts for dispute resolution.  Per the RVT Agreement, the non-paying party is responsible for "all costs and expenses" of the other party, including "attorneys' fees and expenses and court costs incurred  . . . in the enforcement of the payment obligation under [the RVT Agreement] and the collection of outstanding amounts . . . ."  RVT Agreement § 5.6.

**The Outstanding Invoices**

10.     On November 22, 2017, CTA issued Invoice Number 020-HUB201711101 ("Invoice 1101") for the period of service from November 1, 2017 through November 15, 2017. Pursuant to the RVT Agreement, this invoice was due to be paid on or before December 7, 2017. Invoice 1101 totaled $502,058.59.  After netting out BTI's invoice for CTA's reciprocal traffic during this same period of service, as well as certain other adjustments not in dispute, the "imbalance" due from BTI to CTA was $453,373.92.

11.     On December 5, 2017, CTA issued Invoice Number 020-HUB201711102 ("Invoice 1102") for the period from November 16, 2017 through November 30, 2017.  Pursuant to the RVT Agreement, this invoice was due to be paid on or before December 20, 2017.  Invoice 1102 totaled $1,045,808.85.  After netting out BTI's invoice for CTA's reciprocal traffic during this same period of service, as well as certain other adjustments not in dispute, the "imbalance" due from BTI to CTA was $1,039,041.58.  Invoice Numbers 1101 and 1102, jointly, will be referred to as the "Outstanding Invoices."

12.     BTI acknowledged the amount due and owing on the Outstanding Invoices and promised to pay by the due date.

13.     Despite its promise to pay, BTI only paid $50,000 of the outstanding amount on November 27, 2017.

14.     CTA continued to use BTI's network in an attempt to reduce the imbalance. Between December 1, 2017 and February 28, 2018, CTA used $52,510.45 of BTI's Services.

15.     On February 7, 2018 CTA sent BTI a "FINAL DEMAND FOR PAYMENT" demanding payment for the total amount owed to CTA by BTI under the RVT Agreement, plus then-accrued interest.

-4-

16.     CTA continued to pursue this debt even after the final demand for payment.  CTA and BTI participated in regular conference calls, which were subsequently memorialized in emails, discussing BTI's payment of the Outstanding Invoices.  At all times, BTI acknowledged the amount due and owing.

17.     On March 2, 2018, BTI made a partial payment of $20,000 on the Outstanding Invoices.

18.     On April 13, 2018, BTI made a second partial payment of $20,000 on the Outstanding Invoices.

19.     BTI has made no further payments on the Outstanding Invoices.

20.     At no time, and certainly not within thirty (30) days of receiving either the Outstanding Invoices, did BTI dispute any of the amounts set forth in the invoices.

21.     CTA made numerous attempts to collect the amount owed from BTI, including through continued telephone discussions and email correspondence.  Unfortunately, these attempts were unsuccessful.

22.     To date, BTI owes CTA $1,484,319.58 under the RVT Agreement, which includes (a) $1,340,383.14 owed to CTA by BTI for the Outstanding Invoices, plus (b) $143,936.44 in accrued late fees.  BTI has failed to make these payments.

## FIRST CAUSE OF ACTION
### Breach of Contract

23.     CTA incorporates the allegations set forth in paragraphs 1 through 22 hereof, inclusive, as though the same were set forth herein.

24.     CTA and BTI entered into the RVT Agreement, a valid and binding contract.

25.     Under the RVT Agreement, BTI contracted with CTA for the provision of Services.

4831-5818-7116.3

26.     BTI and CTA agreed that each party would prepare a biweekly invoice for the usage charges incurred by the other party on its network during the preceding fifteen (15) days.

27.      BTI received Services provided by CTA and CTA invoiced BTI for the amount of those Services as set forth in the RVT Agreement.

28.     BTI partially paid, but failed to pay in whole for the Services it had purchased and received from CTA.

29.     BTI never submitted any written documentation of a dispute of the Outstanding Invoices.

30.     BTI currently owes CTA $1,340,383.14 for the Outstanding Invoices and $143,936.44 in accrued late fees under the RVT Agreement.

31.     CTA has performed all of its obligations under the RVT Agreement.

32.     BTI breached the RVT Agreement by, among other things, failing to pay CTA for the Services it purchased and received from CTA and accrued late fees.

33.     As a result of BTI's breach of the RVT Agreement, CTA has been damaged in the amount of $1,484,319.58, which damages are the natural and proximate consequence of BTI's breach.

34.     In addition to these damages, CTA is entitled to pre-judgment interest as provided by law from the date of each separate breach and post-judgment interest as provided by New York law.

35.     BTI is also obligated to pay and CTA is entitled to receive "all costs and expenses, including attorneys' fees and expense and court costs, incurred by [CTA] in the enforcement of [BTI's] payment obligation."  RVT Agreement § 5.6.

-6-

## SECOND CAUSE OF ACTION
### Account Stated

36.     CTA incorporates the allegations set forth in paragraphs 1 through 35 hereof, inclusive, as though the same were set forth herein.

37.     BTI received the Outstanding Invoices from CTA for the provision of Services CTA provided to BTI.  The Outstanding Invoices represented an account stated for a debt owed by BTI to CTA.

38.     BTI accepted the Outstanding Invoices as true and accurate and never objected to them as incorrect.

39.     BTI made partial payment of $90,000 on the Outstanding Invoices, but failed to pay the balance of $1,340,383.14 due and owing to CTA.  BTI also did not pay the $143,936.44 in late fees.

40.     By reason of the foregoing, an actionable account stated claim has been created rendering CTA entitled to an award in the amount of $1,484,319.58, plus pre-judgment interest as provided by law from each of the Outstanding Invoice's due date and post-judgment interest as provided by New York law.

41.     BTI is also obligated to pay and CTA is entitled to receive "all costs and expenses, including attorneys' fees and expense and court costs, incurred by [CTA] in the enforcement of [BTI's] payment obligation."  RVT Agreement § 5.6.

## PRAYER FOR RELIEF

WHEREFORE, CTA seeks an order and judgment of this Court, granting the following relief:

(a)     Awarding CTA $1,340,383.14 and any incidental and consequential damages as permitted by law;

4831-5818-7116.3

(b)     Awarding CTA $143,936.44 in interest for late payment pursuant to RVT Agreement, § 5.2.

(c)     Awarding CTA pre-judgment interest, pursuant to N.Y. C.P.L.R. § 5001(a) and (b), calculated from the date of each separate breach, or as otherwise permitted by law;

(d)     Awarding CTA the costs of this lawsuit, including attorneys' fees, as set forth in the RVT Agreement;

(e)     Awarding CTA post-judgment interest, pursuant to N.Y. C.P.L.R. § 5003, calculated from the date of entry of judgment, or as otherwise permitted by law;

(f)     Allowing CTA such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

CTA requests a trial by jury on all issues so triable.

Dated:   New York, New York          **BAKER & HOSTETLER LLP**
         July 11, 2018

                                     By: /s/ Tatiana Markel
                                         45 Rockefeller Plaza
                                         New York, New York  10111
                                         Telephone: (212) 589-4200
                                         Facsimile: (212) 589-4201
                                         Tatiana Markel
                                         Email: tmarkel@bakerlaw.com
                                         Jason I. Blanchard
                                         Email: jblanchard@bakerlaw.com


                                         Of Counsel:
                                         Kenneth B. Reisenfeld

                                         Washington Square
                                         1050 Connecticut Avenue, Suite 1100
                                         Washington, D.C. 20036
                                         Telephone: (202) 861-1500
                                         Facsimile:(202) 861-1783
                                         Email: kreisenfeld@bakerlaw.com

                                         *Attorneys for Plaintiff*
                                         *China Telecom (Americas) Corporation*